IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v. 23-CR-60-S

PETER GERACE,

Defendant.

**GOVERNMENT'S APPEAL FROM THE DECISION AND ORDER REQUIRING THE GOVERNMENT TO OBTAIN UNRELATED CASE MATERIALS**

**THE UNITED STATES OF AMERICA**, through its attorney, Michael DiGiacomo, United States Attorney for the Western District of New York, Evan Glaberson, Assistant United States Attorney, of counsel, files its Reply in support of its Appeal of the Magistrate Court's Decision and Order issued on August 20, 2025, requiring the government to obtain the unrelated case file in *United States v. Lucas* from the District of Utah in order to conduct an independent review. (Reply to Doc. 82, Appeal of D&O, Doc. 72).

As set forth in the government's appeal, the magistrate court lacked the authority to order the government to examine an unrelated casefile in a distant district. The two U.S. Attorney's Offices were not engaged in a joint investigation and were not part of the same prosecution team. The magistrate court's order was clearly erroneous because the order was based on "bureaucratic proximity" rather than any analysis of the role of each U.S. Attorney's office. *See United States v. Hunter,* 32 F.4th 22, 37 (2d Cir. 2022); *United States v. Stewart*, 433 F.3d 273 (2d Cir. 2006). The defendant has offered no support for the proposition that the *Lucas* file is in the possession, custody or control of the prosecution team in *U.S. v. Gerace* in

the Western District of New York. Absent such a finding, the magistrate court lacked authority to issue the order.

Defendant contends that "fundamental fairness" and the court's "duty to ensure due process" support the magistrate court's order. The government provided a detailed examination of the various factors which could have been, but were not, analyzed to support such an order. Defendant contends that "analysis of the 'joint investigation' doctrine is inappropriate where both [U.S. Attorney's] offices are arms of the Department of Justice." Notably, defendant fails to support this claim with a single citation.

As the government set forth in the government's appeal papers, numerous courts have held that:

> two U.S. Attorney's offices in different States may "fall under the broad umbrella of the Department of Justice" does not thereby render them part of a same prosecution team. *Gist v. United States*, No. 16 Cr. 656 (GHW), 2021 WL 3774289, at *17 (S.D.N.Y. Aug. 24, 2021). Furthermore, the involvement of agents from one component of an agency in an investigation does not render the entirety of that agency part of the prosecution team. *See, e.g.*, *United States v. Stein*, 424 F. Supp. 2d 720, 723 (S.D.N.Y. 2006) ("While the prosecution's disclosure obligation in some circumstances may extend to materials beyond the knowledge of the individual prosecutors assigned to a case, it does not extend to the collective knowledge of the entire United States government or even to the entire government agency concerned. To the contrary, the prosecution is only obliged to disclose information known to others acting on the government's behalf in a particular case." (internal quotation marks omitted)); *see also Locascio*, 6 F.3d at 949 (refusing to impute to prosecutors' knowledge of reports prepared by FBI agents who were "uninvolved in the investigation or trial of the defendants").

As the Second Circuit stated in *United States v. Hunter,* "[r]elying solely on bureaucratic proximity would ultimately undercut our clear pronouncement in *Stewart* that 'the relevant

inquiry is what the person *did*, not who the person is." 32 F.4th 22, 37 (2d Cir. 2022) (*citing United States v. Stewart*, 433 F.3d 273 (2d Cir. 2006)).

Rather than being "inappropriate" in the present context, a finding that the two subject U.S. Attorneys' Offices were engaged in a joint investigation is the only manner by which any court could determine that the *Lucas* case file in Utah was in the possession, custody and control of the U.S. Attorney's Office in Buffalo. Absent such a finding, there is no authority by which a court could order or direct the U.S. Attorney's Office to conduct a fishing expedition into a case file in a distant district.

While the Second Circuit has not explicitly adopted the "*Middendorf*" factors, it has held that "knowledge on the part of persons employed by a different office of the government does not in all instances warrant the imputation of knowledge to the prosecutor" and has held that "courts must determine whether the person alleged to be 'acting on the government's behalf in a case' can be considered 'part of the prosecution team*." United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) *and United States v. Hunter*, 32 F.4th 22, 35 (2d Cir. 2022). In *Hunter*, the court recognized that, to determine whether material is in the possession, custody and control of the prosecutor, a court must "examine the specific circumstances of the person alleged to be 'arm of the prosecutor,' or … part of the 'prosecution team." *Id*. at 36. As the government has already set forth in detail, the *Lucas* team cannot be considered part of the prosecution team in the instant matter.

The Second Circuit recently rejected the very argument being set forth by defendant Gerace in the instant case. Defendant Gerace asks the Court to find authority for the

magistrate court's order by looking at inherent powers of due process as "evidenced, in part, by Standing General Order No. 153." Notably, Order 153 specifically states that the "Government has an affirmative obligation to seek all information subject to disclosure under this Order from all … **who have participated in the prosecution, or investigation that led to the prosecution**, of the offense or offenses with which the defendant is charged." The very order relied upon by the defendant restricts the items considered within the possession, custody and control of the government to that material within the control of the prosecution team.

In *United States v. Bradley,* the Second Circuit rejected the very same reading of a Standing Order that defendant Gerace presents here, stating that "[w]e agree with those of our sister courts which have concluded that where the government does not have physical custody, possession or control over (or an agreement to receive evidence), Rule 16(a)(1)(E) does not require the government to obtain and turnover that piece of evidence." 105 F.4th 26 (2d Cir. 2024) [internal citations omitted]. The *Bradley* court specifically found that the "Standing Order largely mirrors the language contained in Rule 16(a)(1)(E)" and disagreed with the proposition that the Standing Order imposes any additional due diligence requirement beyond Rule 16, stating that if the Court were to accept defendant's "interpretation of the Standing Order, the government's obligation to acquire and produce evidence would be impossibly broad." *Id.*

In short, the defendant has offered no support, and no compelling reason, to justify the magistrate court's order to search the Utah *Lucas* files. Imposing, and enforcing, such an order would amount to the court directing two distant U.S. Attorney's Offices to participate in a

joint investigation where none existed. The *Lucas* prosecutors came upon information, obtained from the Small Business Administration, that they disseminated in order to ensure that other, unrelated cases had access to potentially pertinent information. The *Lucas* prosecution team did not contemplate that by sharing this discrete set of information they would run the risk of opening their entire case file to the prying eyes of any prosecution team in any of the 93 U.S. Attorney's Offices. Imposing such a risk, and burden, serves only to punish the *Lucas* team for its good faith and serve to restrict future disclosures rather than encourage open sharing of information. Should the magistrate court's order be enforced, it will likely chill future U.S. Attorney's Offices when faced with a judgment call to share potentially important information. When sharing such discrete information runs the risk that an entire investigative case file will be subject to nationwide dissemination, the team considering sharing the information may very well think twice. Given the lack of analysis in the magistrate court's decision and order, such risks were not contemplated.

The government respectfully requests the Court vacate the Order to obtain and review the *Lucas* file.

DATED: Buffalo, New York, September 23, 2025.

MICHAEL DIGIACOMO
United States Attorney

BY: ***s/EVAN K. GLABERSON***
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5871
Evan.Glaberson@usdoj.gov