UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA | MEMORANDUM IN FURTHER SUPPORT |
| v. | 23-cr-60 |
| PETER GERACE, JR., | |
| Defendant. | |

_____

Peter Gerace, Jr., by and through counsel (Eric M. Soehnlein, Esq.), provides the following reply memorandum in further support of Mr. Gerace's motion to transfer this case to Rochester. Dkt. # 79.

## I.     The Court Should Change Vicinage and Move the Case Away from Buffalo

The government's opposition to Mr. Gerace's motion rests on the fact that the government's motion for an intradistrict transfer in cases 19-cr-227/23-cr-37 was denied in October, 2023 and that the defense opposed transfer at that time.  The argument misses the mark.

As a threshold matter, the Court's obligation to ensure a fair jury and the integrity of any proceeding exists throughout the duration of the prosecution, and on this specific issue the point of analysis is the time of jury selection.  The obligation is not

historic; it is also not static. It is an analysis that looks at the facts and circumstances that exist at the time of jury selection.

Much has changed since October 2023, and each of those changes counsels toward moving the location of the trial. As noted in the government's response, in October 2023 the defense objected to moving the trial, primarily because the length of the trial (estimated to be 16 weeks at that time) and lack of resources available to the defense to defend a case in Rochester would have unfairly prejudiced Mr. Gerace in several respects. That is not the case here. In this case, the government has said the proof will be less than one week in duration, largely ameliorating the home field advantage that would result to the government who will have an office and resources available in Rochester where the defense does not.

More importantly, much is different about this case and this issue.

First, Mr. Gerace was convicted of eight out of nine counts in the 19-cr-227/23-cr-37 trial, with the convictions receiving high publicity in the Western New York area. The result of the trial has been amplified in party by the foreperson of the jury, who has given several interviews to the news media (including one this week) commenting on the proof in the 19-cr-227/23-cr-37 trial. Post trial motions continue in that case, having just been argued. Sentencing will occur later this fall.

What is more, since the original intradistrict transfer motion, former co-defendant Bongiovanni has gone to trial on two occasions, and he is awaiting sentencing; the government repeatedly tried to disqualify Mr. Gerace's defense counsel, resulting in protracted litigation and intense media attention; Mr. Gerace was indicted in case 23-cr-99, in which he is accused of participating in a plot to kill a federal witness; in the 23-cr-99 case, after the Magistrate Judge issued a ruling against the government, the government recently moved to repeal the District Judge's referral to the Magistrate Judge, which resulted in additional publicity in the case.

Further, associates of Mr. Gerace continue to be prosecuted and continue to make the news.  Former bouncer Brian Rosenthal pled guilty to narcotics charges, and he awaits sentencing.  Last week, Detective Gregory Trotter, who was an important witness to the Gerace defense and was charged on the eve of trial as part of the government's efforts to prevent Trotter from testifying on behalf of Gerace, had his trial result in a mistrial after a jury failed to return a unanimous verdict on four counts that he lied to federal law enforcement.

Simply put, every aspect of the various cases against Mr. Gerace receives intense and prejudicial media attention.  That is unlikely to change.  Given the Court's obligation to ensure a fair trial, the case law cited in the underlying motion, and the limited inconvenience to the Court given the short duration of this trial, the Court should grant Mr. Gerace's motion and order the transfer.

DATED: October 1, 2025                                             <u>s/*Eric M. Soehnlein*</u>